IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACK CODY RABURN #02473798 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv389 |
| HENDERSON CNTY SHERIFF'S OFFICE, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jack Cody Raburn, proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in connection with his arrest on March 4, 2021. The lawsuit was transferred to this Court for proper venue and referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Because criminal charges stemming from his arrest were pending against Plaintiff at the time of filing, the case was stayed and administratively closed until his criminal proceedings concluded in conviction. (Dkt. #72.) The case is now reopened, and a deadline is pending for Defendants to raise any claim that it should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*)

Now before the Court is a motion by Defendants to dismiss this action for want of prosecution. (Dkt. #75.) Defendants move to dismiss for failure to prosecute on the basis that Plaintiff failed to keep the Court apprised of his current address, as required by Local Rule CV-11(d) and the Court's previous orders in this case. Specifically, they observe that a copy of the Court's order reopening this case was mailed to Plaintiff's previous address on file but was returned as undeliverable. (Dkt. #75 at 2; Dkt. #73.)

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Defendants are correct that the Court's May 1 mailing to Plaintiff at his previous address in the Henderson County Jail was returned. (Dkt. #73.) However, when Plaintiff notified the Court of his conviction in a notice received April 20, 2024, he had done so from his new address at the Wynne Unit of the Texas Department of Criminal Justice to which he had been transferred. (Dkt. #70.) Although he did not formally announce the new address, he included it on both the notice and the envelope in which it arrived. (*Id.* at 1–2.) Upon the return of the order sent to the previous address, the Court observed the new address in Plaintiff's notice, updated his address on the docket, and, on May 15, 2024, remailed the Court's last two orders to Plaintiff's new address.

The docket in this case reflects Plaintiff's compliance with the Court's requirement that he file regular status updates during the pendency of his criminal proceedings. (*See* Dkt. ##64–67, 70.) He promptly notified the Court of his conviction and sought to have this case reopened. (Dkt. #70.) He has not missed any deadlines, and he has a new motion for discovery currently pending on the docket. (Dkt. #76.) The return of the Court's mail sent to the Henderson County Jail after

Plaintiff was moved to the Wynne Unit has not delayed proceedings or prejudiced Defendants in any way.

Accordingly, while Plaintiff is admonished to file formal notices alerting the Court and Defendants to any future change in address, Plaintiff's diligent pursuit of his claims in this case does not evidence a failure on his part to prosecute. Moreover, Plaintiff's single failure in this case does not threaten the integrity of the judicial process, making dismissal with prejudice inappropriate; and judicial economy dictates against a dismissal without prejudice where the circumstances establish that Plaintiff would almost certainly re-file his claims.

### RECOMMENDATION

Accordingly, the undersigned recommends that Defendants' motion to dismiss (Dkt. #75) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 5th day of June, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE